**NOT PRECENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3282
_____

IN RE: FRANCIS MALOFIY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-mc-00139)

District Judge: Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 30, 2018
_____

Before: CHAGARES, BIBAS, and VANASKIE, *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Attorney Francis Malofiy appeals an Order of the District Court for the Eastern District of Pennsylvania denying his petition for reinstatement to practice law in that Court. We will affirm.

I.

Because we write primarily for the benefit of the parties, we recite only those facts necessary for the disposition of this appeal. Following a three-month-and-one-day suspension from the practice of law in the Eastern District of Pennsylvania arising out of litigation misconduct, Malofiy filed a petition for reinstatement.[1]

The petition was assigned to a three-judge panel for recommendation, and a reinstatement hearing was held. At the hearing, Malofiy presented numerous witnesses, who testified regarding his competency in the law, his contrition for the sanctioned conduct, and his efforts to learn from the experience. (App. 23-27). To that end, Malofiy also testified as to how his suspension brought about introspection and, ultimately, reformation. In particular, Malofiy stated that he understood that he needed to be more clear about his role when dealing with unrepresented parties and has learned how to behave more professionally in depositions. (App. 23-24).

---

[1] The facts giving rise to Malofiy's suspension in the Eastern District of Pennsylvania are thoroughly set forth in *In re Malofiy,* 653 F. App'x 148 (3d Cir. 2016) (*"Malofiy I"*). In brief, Malofiy was found to have violated Pennsylvania Rules of Professional Conduct 4.1(a) (a lawyer "shall not knowingly . . . make a false statement of material fact or law to a third person"); 4.3 (establishing rules of conduct in dealing with an unrepresented person); 8.4(c) (prohibiting "conduct involving dishonesty, fraud, deceit or misrepresentation"; and 8.4(d) (same for "conduct that is prejudicial to the administration of justice"). *Id.* at 152-53, 155.

2

After the hearing, the panel concluded that the record, including Malofiy's testimony, demonstrated both that he lacked genuine remorse for his past litigation misconduct and unprofessional behavior and that he continued to act in this manner even after he was suspended. In support of these conclusions, the panel relied in part upon Central District of California District Court Judge R. Gary Klausner's opinion in *Skidmore v. Led Zeppelin*, No. CV 15–03462 RGK (AGRx), 2016 WL 6674985, at *4 (C.D. Cal. Apr. 8, 2016), *vacated and remanded on other grounds by Skidmore v. Led Zeppelin*, 905 F.3d 1116 (9th Cir. 2018), which admonished Malofiy and his co-counsel for making improper comments to the jury and the media during a trial held while Malofiy was suspended.[2] As a result, the panel concluded, Malofiy did not meet his burden in showing that reinstatement was warranted.[3]

The panel issued a Report and Recommendation ("R&R") that Malofiy's reinstatement petition be denied. The District Court overruled Malofiy's objections,

---

[2] We note that, during the pendency of his suspension in the Eastern District of Pennsylvania, Malofiy continued to be admitted to practice before the Ninth Circuit Court of Appeals and the United States Tax Court. (App. 516-17).

[3] Pursuant to E.D. Pa. Local Rule of Civil Procedure 83.6, a petitioner must:

> demonstrat[e] by clear and convincing evidence that [he] has the moral qualifications, competency and learning in the law required for admission to practice law before this court and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive to the public interest.

E.D. Pa. Local Civil R. 83.6, Rule VII(C).

adopted the R&R, and denied Malofiy's petition for reinstatement. Malofiy timely appealed.

## II.

"The District Court has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it. We have jurisdiction to review the final order of the District Court pursuant to 28 U.S.C. § 1291. We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *In re Surrick,* 338 F.3d 224, 229 (3d Cir. 2003). Where the exercise of such discretion turns on factual findings, we review those findings for clear error. *See* Fed. R. Civ. P. 52(a)(6). "Our review of the District Court's interpretation of legal precepts is plenary." *Surrick,* 338 F.3d at 229 (citation omitted).

## III.

Malofiy asserts two main arguments on appeal.[4] First, he argues that the panel's recommendation improperly punishes him for exercising his right to appeal the District Court's initial suspension sentence. Second, Malofiy maintains that the panel's factual finding that he committed misconduct in the California trial is "an unambiguous violation of [his] due process rights[]" because: (1) he was not given notice of the conduct for

---

[4] Malofiy also relies upon comments made by the judges on the initial disciplinary panel which, he asserts, demonstrate bias and are relevant to show that the District Court has continually violated his due process rights. Because we have already affirmed his initial suspension, *see Malofiy I,* 653 F. App'x at 155, and because Malofiy raised the existence of these comments in his petition for a writ of certiorari, (Supp. App. 397-405), we will not address those comments here beyond our conclusion that they do not demonstrate any judicial bias in his reinstatement proceedings.

4

which he was charged; and (2) he was not presented with an opportunity to defend himself. (Appellant's Br. at 18 -19). We find these arguments to be without merit.

A.

Malofiy claims that the panel denied his petition for reinstatement "simply because [he] exercised his undisputed appellate rights to challenge the imposition of discipline." (Appellant's Br. at 18). In so claiming, he asserts that the evidence he presented before the District Court, including his own testimony, demonstrates that he was remorseful and that he understood that his past conduct was unprofessional and inappropriate.

Although it is true that the panel considered Malofiy's appeals as a component of its reinstatement determination, it relied upon the timing and the arguments he raised in support of those appeals, not the fact that he appealed *per se*. (App. 30). For example, the panel noted that, in Malofiy's appeal of his suspension to this Court and his subsequent request for rehearing, he continued to maintain that the evidence was insufficient to support a finding that he violated the rules. (App. 30; *see also* Supp. App. 219–20, 253–55, 331–34). Additionally, in his petition for *writ of certiorari* to the Supreme Court, Malofiy continued to maintain that the District Court's conclusion regarding discipline was incorrect. (Supp. App. 385). In light of these arguments, the reinstatement panel stated:

> We recognize, of course, that [] Malofiy is entitled to pursue his appellate rights. Given his longstanding adherence to the legal position that he had done nothing wrong, however, his statement a mere month after certiorari was denied that he now

5

recognizes he should have been more clear with [the unrepresented party] is unconvincing.

(App. 30). Given the arguments Malofiy maintained during his various appeals, the reinstatement panel ultimately concluded that it "d[id] not believe [] Malofiy's professed acceptance of responsibility for the misconduct underlying his suspension [to be] genuine." (App. 29).

Credibility determinations are purely factual and we afford "due regard to the trial court's opportunity to judge the witnesses' credibility." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 515 (3d Cir. 2012) (quoting Fed. R. Civ. P. 52(a)(6)). We have recognized that district courts are in the best position to make credibility determinations and we will therefore defer to them unless they are clearly erroneous. *See United States v. Mallory,* 765 F.3d 373, 382 (3d Cir. 2014) (recognizing that trial courts are in the best position "to assess such questions as witness credibility . . . because these matters turn on evaluations of demeanor") (citation and internal quotation marks omitted); *see also Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 688 (1989) (noting that "credibility determinations are reviewed under the clearly-erroneous standard because the trier of fact has had the 'opportunity to observe the demeanor of the witnesses'" (quoting *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 499–500 (1984)). Under this standard, reversal of the District Court's factual findings is warranted only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Lowe,* 791 F.3d 424, 427 (3d Cir. 2015) (citation and internal quotation marks omitted). "[I]f the district court's account of the

evidence is plausible in light of the record viewed in its entirety, we will not reverse it even if, as the trier of fact, we would have weighed the evidence differently." *United States v. Price,* 558 F.3d 270, 277 (3d Cir. 2009) (citation and internal quotation marks omitted).

Here, the District Court's adverse credibility determination was not clearly erroneous, nor do we agree with Malofiy that the court punished him for exercising his appellate rights. As is clear from the record and the R&R, the District Court relied upon the statements contained in Malofiy's numerous appellate petitions, as well as his answers to the panel's questions at the reinstatement hearing, to determine that his testimony regarding his remorse was not credible. (App. 30, 516-36). Specifically, the District Court opined that, during questioning, Malofiy "demonstrated considerable reluctance to admit his conduct had been improper." (App. 31). The District Court also ultimately found Malofiy's statements regarding his acceptance of responsibility, his professional growth, and his changed behavior to be insincere. (App. 30, 35). After reviewing the entire record in this matter, we conclude that the District Court's account is plausible, and we will therefore defer to its determination that Malofiy's representations of remorse and acceptance of responsibility are not credible.

B.

Malofiy also alleges that the District Court violated his due process rights and committed reversible error by finding that he engaged in misconduct during trial as co-counsel for plaintiff in the matter of *Skidmore v. Led Zeppelin.* 2016 WL 6674985, at \*4. In that case, Judge Klausner, ruling on a motion for sanctions and attorneys' fees filed by

7

the defense, admonished plaintiff's counsel for "a litany of tasteless courtroom antics and litigation misconduct."[5] *Id.* In particular, Judge Klausner rebuked plaintiff's counsel for one particular incident that occurred when one them instructed a witness to show his hands to the jury so they could see that they were "clean" in an attempt to rebut opposing counsel's defense of "unclean hands." *Id.* And Malofiy later admitted during his reinstatement hearing that he was the attorney who did that. (*See* App. 523 at 69:8–15). Judge Klausner cited this particular incident of misconduct as "[p]erhaps most emblematic of [Malofiy's] cavalier attitude." *Skidmore*, 2016 WL 6674985, at *4.

Moreover, when the District Court questioned Malofiy about that and indicated that it had consulted Judge Klausner's opinion, Malofiy denied that there were any additional occurrences of misconduct that might appear in the trial transcript. (*See* App. 527-28). However, after requesting and reviewing the transcript, the District Court noted that there were other instances in which Malofiy engaged in inappropriate and unprofessional conduct during the trial. (App. 32 n.12, 33 ns. 13-15). Malofiy contends that these factual findings by the District Court violate his due process rights because he was not provided notice of these "new charges of misconduct" or given "an opportunity . . . to defend himself." (Appellant's Br. at 34).

---

[5] Malofiy points out that Judge Klausner's opinion denying the Defendants' request for attorneys' fees was vacated by the Ninth Circuit. *See Skidmore for Randy Craig Wolfe Trust v. Led Zepplin,* 905 F.3d 1116, 1136 (9th Cir. 2018). We note that the Ninth Circuit vacated the order in light of its decision to remand the case for a new trial and did so without prejudice to the Defendants' ability to renew their motion should they prevail on remand. *Id.*

Here, we agree with the District Court that Malofiy's due process arguments are unpersuasive. First, the R&R makes clear that Malofiy was not incurring "new charges" in the Eastern District of Pennsylvania, but, rather, that the District Court considered the inappropriate behavior evidenced in the trial transcript to be relevant to the reinstatement determination. Second, during his reinstatement hearing, the District Court specifically questioned Malofiy about his behavior during the *Skidmore* trial and gave him an opportunity to explain himself. (*See* App. 523-529). In other words, Malofiy had ample opportunity to defend himself, as the panel informed him that it would be requesting the *Skidmore* transcript and afforded him the chance to identify and explain any additional conduct which may be contained therein. Additionally, Malofiy knew he would need to file a reinstatement petition before he could practice in the Eastern District of Pennsylvania again, (*see* App. 516), and that the *Skidmore* trial commenced during the period of his disciplinary suspension. As such, the District Court's consideration of his antics during the *Skidmore* trial was not improper.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (citation and internal quotation marks omitted). Further, "[t]he essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *Id.* at 348. (citation and internal quotation marks omitted). The record illustrates that a hearing was held during which Malofiy was represented by counsel, able to testify on his own behalf, as well as to present witnesses. He was also given the opportunity to respond directly to concerns

9

raised by the District Court and he was provided supplemental documentation. Finally, Malofiy was provided with a written R&R detailing the District Court's reasons for denying his reinstatement petition to which he was permitted to file objections. There is simply nothing in the record from which we can conclude that the District Court's factual findings or disposition as it related to Malofiy's reinstatement petition violated his due process rights.[6]

IV.

Because the factual findings of the District Court are free from clear error, we conclude that the District Court's discretionary denial of Malofiy's reinstatement petition is similarly free from abuse. We will affirm.

---

[6] We also briefly address Malofiy's baseless arguments that the District Court incorrectly attributed unprofessional conduct to him. Review of the record demonstrates that, where the District Court attributed improper conduct to Malofiy, Malofiy either admitted to the conduct at issue or the District Court relied on conduct specifically found in the *Skidmore* transcript. (*See* App. 523, 843-44, 1089-90, 1266-67, 1296-1300, 1453, 1471-73, 1489, 1672, 1744, 1816-22, 1729).